IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. RUSSELL,<br><br>   Petitioner<br><br>  vs.<br><br>DONALD KELCHNER, and THE DISTRICT ATTORNEY OF CAMBRIA COUNTY, and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA,<br><br>   Respondents | Civil Action No. 05-349J<br>Judge Arthur J. Schwab/<br>Magistrate Judge Lisa Pupo Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is respectfully recommended that, pursuant to Rule 4 of the Rules Governing Section 2254 Petitions, the Section 2254 habeas petition be dismissed before being served albeit without prejudice because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

**REPORT**

James A. Russell (Petitioner), a state prisoner, has filed a habeas petition pursuant to 28 U.S.C. 2254, seeking to challenge his 2004 convictions for criminal solicitation of arson, possession of contraband by a prisoner, and aggravated harassment by a prisoner. It appears that Petitioner pleaded guilty to all of the foregoing charges and was sentenced to 1-2 years in

1

prison. Habeas Petition at 4, ¶¶ 3-5. Petitioner apparently did not file an appeal, however, one of the issues he raises in his habeas petition is the ineffective assistance of trial counsel who allegedly failed to appeal the convictions after being requested to do so by Petitioner. Habeas Petition at 8 ¶ 11d. Plaintiff raises three issues in his petition. However, because he has a Post Conviction Relief Act ("PCRA") petition currently pending in the Court of Common Pleas of Cambria County, Petitioner has failed to exhaust his state court remedies and, therefore, the petition should be dismissed without prejudice.

## A. Relevant Facts And Procedural History[1]

---

[1] The following procedural history is taken from the habeas petition as well as from the criminal dockets of the Cambria County Court of Common Pleas of which this court takes judicial notice and which are available at

http://ujsportal.pacourts.us/WebDocketSheets/OtherCriteria.aspx

In habeas cases, one court can take judicial notice of the docket of another court. See, e.g., Cowell v. Artuz, 133 F.3d 906 (Table), 1998 WL 11029, at *1 (2nd Cir. 1998)("This Court can take judicial notice of the notice of appeal filed with the Appellate Division [of the state court]. See Fed.R.Evid. 201; Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993) (taking judicial notice of a docket entry in another court)."); Normand v. McAninch, 210 F.3d 372 (Table), 2000 WL 377348, *1 n.1 (6th Cir. 2000) ("Although Petitioner did not introduce the docket sheet as evidence, we note that we may take judicial notice of proceedings in other courts of record."); Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001)("After the District Court entered its final order, the Pennsylvania Supreme Court denied allocatur; there are no longer pending state proceedings. Cf. Melvin v. Nickolopoulos, 864 F.2d 301, 305 (3d Cir. 1988) ('[W]e sometimes take judicial notice of subsequent developments not part of the district court record.')[.]").

This case was transferred from the Federal District Court in the Eastern District of Pennsylvania and was received by this court on August 26, 2005. It was transferred because Petitioner was attacking convictions that had been imposed by the Court of Common Pleas of Cambria County which is located within the Western District of Pennsylvania.

On June 21, 2004 Petitioner pleaded guilty to possession of contraband, controlled substance by a prisoner, 18 Pa.C.S.A. § 5123 A.2.[2] On June 29, 2004, Petitioner pleaded guilty to two counts of Aggravated Harassment By A Prisoner, 18 Pa.C.S.A. § 2703.1[3] and also to Criminal Solicitation To Commit Arson, 18 Pa.C.S.A. § 3301 A.1.i..[4] On August 10, 2004, Petitioner was sentenced to serve one to two years on the criminal solicitation to commit arson conviction, which sentence was to run concurrent to any sentence that Petitioner was already serving. In addition, on that same date, Petitioner was sentenced to serve one to two years for the possession-of-contraband conviction, as well as one to two years for the aggravated harassment conviction; both of these sentences were to be served concurrent to the criminal solicitation sentence.

---

[2] Cambria County Common Pleas Docket No. CP-11-CR-636-2004
[3] Cambria County Common Pleas Docket No. CP-11-CR-635-2004
[4] Cambria County Common Pleas Docket No. CP-11-CR-637-2004

On September 9, 2004, Petitioner apparently filed a pro se PCRA petition as to all the convictions, however the same was dismissed by order of court on September 17, 2004. On May 9, 2005, Petitioner filed another PCRA petition as to all three convictions and the Court entered an order on July 13, 2005, scheduling a hearing on the PCRA petition for September 12, 2005. On August 11, 2005, the Common Pleas Court appointed Attorney Tim Sloan to represent Petitioner on his PCRA petition and granted the attorney leave to file an amended PCRA petition. However, apparently because Attorney Sloan was the counsel who represented Petitioner during the pre-trial and guilty plea proceedings, a new attorney, Thomas Leiden, was appointed by the Common Pleas Court on August 15, 2005, with leave being granted to file an amended PCRA petition. August 15, 2005 is the last date for which there is a docket entry in the Common Pleas Court in Petitioner's case.

On June 7, 2005, Petitioner executed the present habeas petition and apparently sent it to the Eastern District Court which received it on July 5, 2005. That court transferred the case here and this court received the habeas petition on August 26, 2005.

In his pro se petition, he raises three issues. He alleges government interference, apparently with the filing of his PCRA petitions as he alleges that he "submitted two (2) post-

4

convictions which the court fails to acknowledge.  Defendant has issued various letters to the Clerk of Courts which are never responded to."  Habeas Petition at 9, ¶ 12.A.  Petitioner alleges as his second ground for relief, the ineffective assistance of his guilty plea counsel who apparently did not file an appeal, notwithstanding Petitioner's request that he do so.  Id. ¶ 12.B.  As his third and final ground, Petitioner contends that the trial court erred in imposing the $118.00 amount of restitution for the criminal solicitation of arson conviction[5] of one to two years on the possession of contraband charge because that sentence exceeded the lawful maximum in that both he and his co-defendant were ordered to pay $118.00 in restitution but the property loss only totaled $118.00.  Consequently, Petitioner contends that each defendant should only have been ordered to pay restitution in the amount of $58.00 (x 2 = $118.00).

**B. Applicable Legal Principles - Exhaustion Requirement**

    **1. Rule 4 Pre service dismissals**

Rule 4 of the Rules governing Section 2254 cases provides in relevant part that:

---

[5] Petitioner erroneously references the conviction at Cambria County Common Pleas Docket No. CP-11-CR-636-2004, which is the possession of contraband conviction, however no order of restitution appears to have been entered in that case.  An order requiring $118.00 in restitution was entered in the criminal solicitation to commit arson conviction at Cambria County Common Pleas Docket No. CP-11-CR-637-2004.

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court dockets. See, e.g., Brown v. Whetsel, No. CIV-05-568-F, 2005 WL 1606457 (W.D. Okla. June 1, 2005)(in Rule 4 case, court took judicial notice of state court docket); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."). Pursuant to Rule 4, Federal District Courts possess the ability to raise sua sponte the issue of a Petitioner's failure to exhaust and may dismiss the petition on that ground. Resendez v. McKaskle, 722 F.2d 227, 229-30 (5th Cir. 1984); Williams v. Wynder, No. Civ.

3:CV-05-0892, 2005 WL 1201386, (M.D. Pa. May 19, 2005)(dismissing habeas petition pre-service for failure to exhaust); <u>Debrouex v. Superintendent Erickson</u>, No. Civ.A. 04-3523, 2004 WL 1969689, (E.D. Pa., Sept. 1, 2004)("Since petitioner has not exhausted his state court remedies, the court need not require the Commonwealth to file an answer and the petition should be summarily dismissed, without prejudice.").

### 2. Exhaustion of state court remedies is required

Congress has provided in 28 U.S.C. § 2254 that

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the
>   remedies available in the courts of the
>   State;
>
>         . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Hence, this court must analyze the question of whether Petitioner has exhausted his state remedies.

Although the precise nature of the exhaustion doctrine is subject to some judicial disagreement, especially in matters which relate to the procedural default doctrine,[6] the Supreme

---

[6] <u>See, e.g.</u>, <u>Lines v. Larkins</u>, 208 F.3d 153, 160 n.9 (3d Cir. 2000); <u>Bailey v. Nagle</u>, 172 F.3d. 1299 (11th Cir. 1999).

Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question which the court must resolve is this: at the time he filed this habeas petition, did Petitioner have available to him any state procedure through which he could be afforded relief. 28 U.S.C. § 2254(c). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. S 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted).

The animating principle of exhaustion is based upon considerations of comity. See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance... ."), overruled on other grounds by, Coleman v. Thompson, 501 U.S. 722 (1991). Generally, federal court

intervention would be **premature** whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the **timing** of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Moreover, it is the Petitioner's burden to prove that he has met the exhaustion requirement. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

If a state prisoner seeking federal habeas relief has not exhausted his state court remedies and there is no apparent problem concerning AEDPA's statute of limitations and a

petitioner fails to show good cause as to why he did not exhaust,[7] the federal court may dismiss the petition without prejudice in order to allow a habeas petitioner to finish seeking relief in state court. See, e.g., Rhines v. Weber, 125 S.Ct. 1528 (2005); Rose v. Lundy, 455 U.S. 509 (1982); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005). However, exhaustion is not a jurisdictional limitation, and federal courts may entertain a habeas petition from a state prisoner when no appropriate state remedy exists. Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996).

C. **Analysis**

At the time Petitioner herein initiated the present proceedings by executing his federal habeas petition on June 7, 2005, he had pending in the state trial level court his second PCRA petition which was filed in the Cambria County Court of Common Pleas on May 9, 2005. This Court takes judicial notice of the dockets of the Cambria County Court of Common Pleas. Those dockets reveal that since May 9, 2005, the Cambria County Court has appointed Petitioner counsel to file an amended PCRA petition, has scheduled a hearing for September 12, 2005.

---

[7] Here, Petitioner as made no showing of good cause for his filing this habeas petition while he has a currently pending PCRA petition in the state courts; hence this court need not stay and abey the habeas petition while Petitioner exhausts his state court remedies but may exercise its discretion to dismiss it without prejudice.

Because the Cambria County Court of Common Pleas is considering Petitioner's PCRA petition and it is possible for that Court to afford Petitioner relief, this habeas petition should be dismissed without prejudice to the filing a new habeas petition after state court remedies have been exhausted if indeed those state court remedies do not afford Petitioner relief. See, e.g., Rose v. Lundy, 455 at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, **and already cognizant of the litigation**, have had an opportunity to pass upon the matter.")(emphasis added); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, **before** seeking habeas review in federal court.")(emphasis added). Accordingly, it is recommended that the petition for writ of habeas corpus be dismissed albeit without prejudice.

### D. Certificate of Appealability

Section 2253 of Title 28 U.S.C. generally governs appeals from district court orders regarding habeas petitions. Section 2253 essentially provides in relevant part that a certificate of

appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(C)(2). There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

In resolving this difficulty, the Supreme Court in Slack v. McDaniel, held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 473. The test is conjunctive and both prongs must be met. See Walker v.

12

Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the Petitioner's claims for failing to exhaust state court remedies was correct. Accordingly, a certificate of appealability should be denied. Because of this conclusion and the fact that the test is conjunctive, the court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: 9-12-05

cc: The Honorable Arthur J. Schwab
    United States District Judge

James A. Russell
DQ-1976
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200